# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| VIRGINIA KAYE CONSTIEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-09-853-M |
| | ) | |
| UNITED STATES OF AMERICA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Before the Court is Defendants' Renewed Motion to Dismiss with Brief in Support [docket no. 37], filed May 21, 2010. On May 27, 2010, *pro se* plaintiff filed her "Request for Hearing and Response to Item #37." On June 9, 2010, plaintiff filed a separate "Request for Hearing," and on June 10, 2010, the government filed "Defendants' Response in Opposition to Plaintiff's Request for a Hearing." On June 18, 2010, plaintiff filed her "Response to Document 41." Based upon the parties' submissions, the Court makes its determination.[1]

On August 7, 2009, plaintiff filed her Complaint against defendants "United States Department of Education Student Loan Association"; Arne Duncan, Secretary of Education; Charles P. Rose, General Counsel for the Department of Education; Martha Kanter, Under Secretary of Education; and William J. Taggart, Chief Operating Officer of the Federal Student Aid office. Plaintiff demands relief in the amount of "34 Trillion Dollars" and a court order "to bar and to prevent the Department of Education Student Loan Association from conducting all normal and all abnormal business" including issuing and accepting student loan applications, the disbursement of student loans, the acceptance of loan payments and charging usury and hidden fees on payments.

---

[1] The Court declines the request for a hearing, as this matter can be decided based upon the briefs.

On December 2, 2009, plaintiff filed her Amended Complaint: (1) adding Robert Jon Troester, then Acting United States Attorney, as a defendant; (2) demanding that "the entire CFR 34 [Education] and the USC 20 [Education] [sic] be declared <u>unconstitutional</u>"; (3) seeking recognition that plaintiff is disabled pursuant to the "<u>American with Disabilities Act of 1990/2008</u>"; (4) "to recognize that the plaintiff is not required to pay the defendant(s) anything on and after the date of February 1, 1991, the date this court ruled was the beginning of the plaintiff's disability for Social Security Administration"; (5) amended her $34 trillion demand for damages "to include a restitution of $81 million, 850 thousand dollars plus addition $850 thousand dollars per month for ever [sic] month since August 7, 2009."

The government sent plaintiff two letters informing plaintiff that her attempts at service were ineffective, and thereafter sought dismissal of this action. *See* Motion to Dismiss, Exhibits 1 and 2, Docket no. 22. On April 30, 2010, the Court denied the government's motion to dismiss, but also directed plaintiff to effect proper service by May 20, 2010 or risk dismissal of the action without prejudice.

Despite the failure to effect proper service, plaintiff filed her motion for default judgment on May 3, 2010, which the Court denied on May 4, 2010. On May 6, 2010, plaintiff requested the issuance of summons to the following: Arne Duncan, United States Secretary of Education; Charles P. Rose, General Counsel for the Department of Education; Martha Kanter, Under Secretary of Education; William J. Taggart, Chief Operating Officer of the Federal Student Aid office; Eric Holder, Attorney General of the United States; and R.D. Evans, Assistant United States Attorney. While R.D. Evans, the government attorney assigned to this matter, confirms service of process, he directed a letter to plaintiff on May 17, 2010 noting that he is not designated for service of process

on the United States or its agencies. Plaintiff did not request issuance of a summons, or direct service, to either the United States Attorney Sanford Coats or defendant Robert Troester.

In the previous motion to dismiss, the government raised the following grounds for dismissal: (1) plaintiff's *pro se* status does not afford her a waiver of the procedural rules; (2) proper service is a necessary predicate to the Court's exercise of jurisdiction; (3) plaintiff may not act as her own process-server, and her attempts to serve process herself are legally ineffective; (4) there is no good cause for her failure to effect proper service; and (5) a permissive extension of time is not warranted under the circumstances.

The government adopts and incorporates by reference the legal arguments raised previously and now moves for dismissal of this action on the following additional grounds: (1) service on the Attorney General, a requirement under Rule 4(i), still has not been accomplished; (2) service on the United States Attorney, a requirement under Rule 4(i), still has not been accomplished; (3) proof of service, a requirement under Rule 4(l) and the Court's April 30, 2010 Order still has not been accomplished; and (4) the errors in service are attributable to plaintiff and not the United States Marshal Service or a process-server.

Service of process in a federal action is governed by Rule 4 of the Federal Rules of Civil Procedure. To serve the United States and its agencies, corporations, officers or employees, a party must:

> (A)(i)  deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought–or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk–or
> (ii)  send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;

      (B)      send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.

Fed. R. Civ. P. 4(i)(1)(A)-(B).

In this case, the Court finds no return of service or other evidence indicating that the Attorney General has been served with copies of the summons and the Amended Complaint. Nor has the United States Attorney for this district or his designee been served with copies of the summons and the Amended Complaint.[2] Further, a review of the court file reveals there is no proof in the record of valid service on any defendant in this case, although the Court ordered plaintiff to accomplish proper service by May 20, 2010. In the absence of any evidence that errors in service are attributable to either the United States Marshal Service or a process-server, the Court finds that plaintiff has not complied with the Order directing her to effect proper service and file proof of the same by date certain even though this lawsuit has been pending for approximately ten (10) months.

Accordingly, the Court GRANTS the motion to dismiss and DISMISSES this action without prejudice.

**IT IS SO ORDERED this 24th day of June, 2010.**

*/s/ Vicki Miles-LaGrange*
VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE

---

[2] While plaintiff attempted to serve Assistant United States Attorney R.D. Evans, he is not designated by the United States Attorney to receive service of process.